**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| SUNCHASE OF RIDGELAND, LTD, ) | |
| EVEREST PINEBROOK, L.P., ) | |
| RAINBOW/RIDGELAND, LLC, ) | |
| RR APARTMENTS, LLC, ) | Case No. |
| JORDON RIDGE, LLC and ) | |
| OAKBROOK, LLC ) | |
| ) | |
| **Plaintiffs** ) | |
| ) | |
| **v.** ) | |
| ) | |
| CITY OF RIDGELAND, MISSISSIPPI, ) | |
| ) | |
| **Defendant,** ) | |
| _____) | |

*(stamp:)* SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**
DEC -8 2014
BY _____ ARTHUR JOHNSTON
_____ DEPUTY

3:14cv938HTW-LRA

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF
(Jury Trial Demanded)**

COME NOW, the Plaintiffs, Sunchase of Ridgeland, LTD, Everest Pinebrook, L.P.,

Rainbow/Ridgeland, LLC, RR Apartments, LLC, Jordan Ridge, LLC, and Oakbrook, LLC, by

and through their respective counsel of record, and file this Complaint for Declaratory and

Injunctive Relief, and in support thereof would show unto the Court the following:

**I. PARTIES**

1.    The Plaintiff, Sunchase of Ridgeland, LTD, is a Mississippi Limited Partnership

in good standing and which is known as and referred to herein as "Sunchase."

2.    The Plaintiff, Everest Pinebrook, L.P, is a California Limited Partnership

registered to do business in Mississippi and which is known as and referred to herein as

"Pinebrook."

3. The Plaintiff, Rainbow/Ridgeland, LLC, is a Mississippi Limited Liability Company in good standing and which is known as and referred to herein as "Northbrook."

4. The Plaintiff, RR Apartments, LLC, is a Mississippi Limited Liability Company and Jordan Ridge, LLC is a foreign Limited Liability Company, and which are collectively known as and referred to herein as "Ridgeland Ranch."

5. The Plaintiff, Oakbrook, is a Delaware Limited Liability Company registered to do business in Mississippi and which is known as and referred to herein as "Oakbrook."

6. The Defendant in this matter is the City of Ridgeland, Mississippi (the "City"), which may be served by service upon the Ridgeland Municipal Clerk.

## II. JURISDICTION AND VENUE

7. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. §1331, as certain claims and relief alleged arise under federal law and the United States Constitution. Other claims alleged are subject to supplemental jurisdiction under 28 U.S.C. § 1367.

8. This Court also has jurisdiction pursuant to 42 U.S.C. § 3613(a)(1)(A) of the Fair Housing Act ("FHA"), which permits an aggrieved person to commence a civil action in an appropriate district court to obtain relief from discriminatory housing practices prohibited by the FHA.

9. The declaratory and injunctive relief requested is authorized under 28 U.S.C. §§ 2201 & 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10. The venue of this action is proper within this district pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this district and specifically in the City of Ridgeland which is a municipality located in this district.

## III. FACTUAL BACKGROUND

11.     Plaintiff Sunchase operates as a multifamily rental housing development located on 875 William Blvd, Ridgeland, MS 39157. Sunchase has provided rental housing to Ridgeland residents since the property was constructed.

12.     Plaintiff Pinebrook operates as a multifamily rental housing development located on 109 Pine Knoll Ave., Ridgeland, MS 39157. Pinebrook has provided rental housing to Ridgeland residents since the property was constructed.

13.     Plaintiff Rainbow operates as a multifamily rental housing development located on 107 and 121 Pine Knoll Ave., Ridgeland, MS 39157. Rainbow has provided rental housing to Ridgeland residents since the property was constructed.

14.     Plaintiff Ridgeland Ranch operates as a multifamily rental housing development located on 1620 East County Line Road, Ridgeland, MS 39157. Ridgeland Ranch has provided rental housing to Ridgeland residents since the property was constructed.

15.     Plaintiff Oakbrook operates as a multifamily rental housing development located on 6675 Old Canton Road, Ridgeland, MS 39157. Oakbrook has provided rental housing to Ridgeland residents since the property was constructed.

16.     Effective February 4, 2014, the City adopted a new zoning ordinance (the "2014 Ordinance") and a new zoning map (the "2014 Zoning Map")(together, the "2014 Rezoning"). A copy of the 2014 Ordinance is attached hereto as Exhibit "1". The 2014 Zoning Map is available at: www.ridgelandms.org/wp-content/uploads/2014-Official-Zoning-Map_web.pdf. With the adoption of the 2014 Rezoning, Sunchase, Pinebrook, Northbrook, Park Place and Oakbrook were each rezoned from R-5 (multi-family residential) to MU-1 (Mixed Use District), and

Ridgeland Ranch was rezoned from R-5 to C2 (Commercial).

17.     Under the new MU-1 and C2 zoning classifications, each of the Plaintiffs'
apartment complexes is a nonconforming use.

18.     From the time each of the Plaintiffs' apartment complexes was built, and until the
passage of the 2014 Ordinance, each was zoned R-5 and was allowed to exist and operate as
currently constructed. All improvements made and financing agreements entered into during this
time were done with the reasonable expectation that each of these apartments would be allowed
to continue operating as currently configured.

19.     With the enactment of the 2014 Ordinance and Zoning Map, the City purposefully
singled out the Plaintiffs' individual apartment complexes for rezoning and elimination. The
stated purpose of the 2014 Ordinance is "to require the discontinuance or removal of
Nonconformities within specified time periods. . . ."

20.     In enacting the 2014 Ordinance, the City (1) set out newly discovered "authority"
to strip each of the Plaintiffs of the right to operate their individual properties as multifamily
residential apartment communities; (2) established three classifications of nonconformities each
of which contains arbitrary and illegal limitations and restrictions on property owners; (3)
impermissibly shifted to the Plaintiffs the burden of proving their right to continue operating
their respective properties as currently constructed; (4) impermissibly imposed a requirement that
the Plaintiffs pay a filing fee and submit a Petition in order to obtain rights which already run
with the land; (5) impermissibly implemented a scheme that is so subjective and vague that it
impermissibly authorizes and encourages discriminatory and arbitrary enforcement; (6)
impermissibly limits the amount of funds that the Plaintiffs may expend to make repairs,

renovations and improvements; and, (7) impermissibly established schedules which will require each of the Plaintiffs to "cease any use, condition, operation or occupancy that makes it a nonconformity."

21.     The enactment of the 2014 Ordinance was the culmination of a multiyear effort by the City to devise a scheme which would eliminate apartment complexes at the lowest possible cost to the City.

22.     While each of the Plaintiffs' apartment complexes was specifically targeted for elimination, the rezoning to MU-1 and C2 was done without giving any of the Plaintiffs' actual notice and an opportunity to be heard. The City could have easily (and as a matter of fundamental fairness should have) provided actual notice to each of the Plaintiffs prior to the rezoning. Providing the Plaintiffs with basic due process rights would have imposed a *de minimus* burden on the City.

23.     With the enactment of the 2014 Ordinance, the economic value of Plaintiffs' properties has been damaged. The Plaintiffs' ability to maintain and improve their individual properties has also been substantially limited. Finally, the Plaintiffs' ability to refinance and/or sell their respective properties has been adversely impacted.

24.     Each of the Plaintiffs' individual apartment complexes as currently configured, preclude the economic conversion of the property to a use compatible with the MU-1 or C2 classification.

25.     The 2014 Ordinance also improperly seeks to re-classify each of the Plaintiffs' apartment complexes as a nonconforming use based on an arbitrary and capricious density requirement of ten units per acre. The ten unit per acre density requirement has no legitimate

public health, welfare or safety purpose. Rather, it is an arbitrary number designed to destroy the economic viability of each of the Plaintiffs' individual apartment complexes. Further, none of the Plaintiffs' apartment complexes can be economically converted to a conforming use for a number of reasons.

26.     Prior to enacting the 2014 Ordinance, the City had not enforced any density requirement to restrict the Plaintiffs' use of their individual apartment complexes. With the enactment of the 2014 Ordinance, the City is now attempting to enforce the ten unit per acre density limitation to destroy the economic viability of each of the Plaintiffs' apartment complexes.

27.     The Plaintiffs' apartment complexes (both individually and collectively) serve an important public function by providing affordable short and long term housing opportunities. Each of these apartment complexes also provides affordable housing to minorities.

28.     In adopting the 2014 Ordinance and Zoning Map, the City was motivated, in whole or part, by a discriminatory intent and animus towards affordable housing options and residents who use affordable housing options. If successful, the City's attempt to destroy the economic viability of these apartment complexes will have a disparate impact on minority populations.

## IV. CLAIMS FOR RELIEF

### COUNT 1
### Substantive Due Process Claim under the United States Constitution

29.     Plaintiffs reallege and incorporate in Count 1 all the allegations set forth and contained in the foregoing paragraphs.

30.     The City's adoption and enforcement of the 2014 Rezoning, both facially and as applied to Plaintiffs, is arbitrary, capricious, unreasonable, confiscatory, illegal, and discriminatory, and has no substantial relation to the public health, safety, morals, or general welfare. The 2014 Ordinance and Zoning Map are not rationally related to any legitimate government interest, and there is no conceivable legitimate rational basis for the 2014 Rezoning. Thus, the City's adoption and enforcement of the 2014 Rezoning, both facially and as applied, violate Plaintiffs' substantive due process rights under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

31.     The deprivation of Plaintiffs' rights secured to them by the Fifth and Fourteenth Amendments to the United States Constitution was done under color of state law and pursuant to official Ridgeland policy as set forth in the 2014 Ordinance and Zoning Map.

32.     As a direct and proximate cause of Ridgeland's adoption and enforcement of the 2014 Rezoning, Plaintiffs have suffered and will continue to suffer significant economic damages.

33.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violation of its right to substantive due process under the United States Constitution based on the adoption and enforcement of the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their substantive due process rights or otherwise enforcing the 2014 Rezoning.

## COUNT 2
### Procedural Due Process Claim under the United States Constitution

34.     Plaintiffs reallege and incorporate in Count 2 all the allegations set forth and

contained in the foregoing paragraphs.

35.     The City adopted the 2014 Rezoning without affording Plaintiffs actual notice of the proposed zoning changes, despite its many opportunities to do so. With the 2014 Rezoning, the City purposefully singled out each of the Plaintiffs and their property in order to pursue a confiscatory strategy of redevelopment. Because particular properties were specially affected, the City was required to go beyond notice by publication in adopting and enacting the 2014 Rezoning, and instead was required to provide the affected properties with actual notice of the proposed ordinance and rezoning. The failure to do so deprived Plaintiffs of their property rights without due process of law. The adoption of the 2014 Rezoning thus violated Plaintiffs' procedural due process rights under the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

36.     The deprivation of Plaintiffs' rights secured by the Fifth and Fourteenth Amendments to the United States Constitution was done under color of state law and pursuant to official Ridgeland policy as set forth in the 2014 Rezoning.

37.     As a direct and proximate cause of Ridgeland's adoption of the 2014 Rezoning, Plaintiffs have suffered and will continue to suffer significant economic damages.

38.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violations of its right to procedural due process under the United States Constitution based on the adoption of the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from enforcing the 2014 Rezoning.

## COUNT 3
## Violation of the Equal Protection Clause under the United States Constitution

39.     Plaintiffs reallege and incorporate in Count 3 all the allegations set forth and contained in the foregoing paragraphs.

40.     The City's adoption and enforcement of the 2014 Rezoning is arbitrary, capricious, unreasonable, confiscatory, illegal, and discriminatory, and not reasonably related to any legitimate state interest or to the public health, safety, morals, or general welfare.

41.     The 2014 Rezoning is based on unconstitutional classifications that treat owners of multi-family dwellings dissimilarly from owners of single-family dwellings, and that treat housing occupied by minority residents dissimilarly from housing occupied by white residents.

42.     The City's adoption and enforcement of the 2014 Rezoning was motivated by purposeful discrimination against residents on the basis of race and national origin. The City's 2014 Rezoning was adopted, at least in part, because of the adverse impact it would have on African-American and Hispanic residents.

43.     The City's adoption and enforcement of the 2014 Rezoning, both facially and as applied to Plaintiffs, deny Plaintiffs equal protection under the Fourteenth Amendment to the United States Constitution pursuant to 42 U.S.C. § 1983.

44.     The deprivation of Plaintiffs' equal protection rights secured by the Fourteenth Amendment to the United States Constitution was done under color of state law and pursuant to official Ridgeland policy as set forth in the City's 2014 Rezoning.

45.     As a direct and proximate cause of the City's adoption and enforcement of the 2014 Rezoning, Plaintiffs have suffered and will continue to suffer economic damages.

46.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violation of its right to equal protection based on the enactment and enforcement of the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their equal protection rights or otherwise enforcing the 2014 Rezoning.

## COUNT 4
## Taking of Property Without Just Compensation under the United States Constitution

47.     Plaintiffs reallege and incorporate in Count 4 all the allegations set forth and contained in the foregoing paragraphs.

48.     The City's adoption and enforcement of the 2014 Rezoning, both facially and as applied to Plaintiffs, is arbitrary, capricious, unreasonable, confiscatory, illegal, and discriminatory, has no substantial relation to the public health, safety, morals, or general welfare and is without sufficient evidentiary basis.

49.     The 2014 Rezoning unreasonably interferes with Plaintiffs' right to use and enjoy their respective properties in violation of property rights secured by the Fifth and Fourteenth Amendments to the United States Constitution pursuant to 42 U.S.C. § 1983.

50.     Enforcement of the 2014 Rezoning has already had a significant and oppressive economic impact on Plaintiffs. Further, the 2014 Rezoning has unreasonably interfered with Plaintiffs investment-backed expectations. In addition, the City acted discriminatorily and in bad faith when it adopted the 2014 Rezoning, and has further singled out Plaintiffs to bear a substantial financial burden.

51.     The deprivation of Plaintiffs' property rights secured by the Fifth and Fourteenth Amendments to the United States Constitution was done under color of state law and pursuant to

official Ridgeland policy as set forth in the 2014 Rezoning.

52.     As a direct and proximate result of the adoption of the 2014 Rezoning and its enforcement against Plaintiffs, Plaintiffs have suffered and will continue to suffer financial injury.

53.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violation of its property rights under the Fifth and Fourteenth Amendments to the United States Constitution based on the adoption and enforcement of the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their constitutional property rights or otherwise enforcing the 2014 Rezoning.

54.     If the Court determines that Plaintiffs' federal takings claims are not yet ripe for adjudication, Plaintiffs consent to a stay of this count only to complete any state and/or municipal proceedings that may be required to obtain final rulings on the municipal applications which may be pending.

## COUNT 5
## Violation of the Fair Housing Act

55.     Plaintiffs reallege and incorporate in Count 5 all the allegations set forth and contained in the foregoing paragraphs.

56.     Plaintiffs have standing to bring suit under the FHA pursuant to 42 U.S.C. §§ 3613(a)(1)(A) and 3602(i).  Section 3613(a)(1)(A) confers a private right of action in a United States district court to "aggrieved person[s]" under the FHA. Plaintiffs qualify as aggrieved persons because they claim to have been injured, and will continue to be further injured, by Defendant's discriminatory housing practices. *See* 42 U.S.C. § 3602(i).

57.     The FHA expressly prohibits discrimination in housing based on race, color, religion, sex, familial status, national origin, and handicap. *See* 42 U.S.C. § 3604. Pursuant to § 3604(a), it is unlawful "[t]o refuse to sell or rent . . . or otherwise make unavailable or deny, a dwelling to any person because of race . . . or national origin." Municipalities may not use their zoning authority to exclude housing for a group of people on the basis of race or national origin.

58.     A defendant is liable for a violation of the FHA if it engages in disparate treatment based on race or national origin, or, if its policies and practices have a disparate impact on groups protected by the FHA.

59.     The City's policies and practices relating to its adoption and enforcement of the 2014 Rezoning will have a disparate impact or discriminatory effect on protected groups under the FHA. The City's policies and practices related to the 2014 Rezoning actually and predictably result in a disparate impact on such minorities because they will, statistically and otherwise, fall more harshly on those groups than on non-protected residents. Additionally, the 2014 Rezoning creates, increases, reinforces, and perpetuates segregated housing patterns based on race and national origin by eliminating affordable housing options without replacing them.

60.     Specifically, the apartments that have been designated Nonconforming Uses by virtue of the 2014 Rezoning or that have been rezoned are occupied by African-American and Hispanic residents. The eventual demolition or required change in use of each of the Plaintiffs' apartments will have a significant disparate impact on minorities in Ridgeland as it will leave them without enough housing options. The 2014 Rezoning will also have the effect of excluding African-American and Hispanic residents from Ridgeland, thereby, creating housing patterns in the area segregated by race and national origin.

61.     Ridgeland does not have a legitimate, substantial, non-discriminatory interest that justifies the discriminatory effect that the 2014 Rezoning has, and will have, on African-American and Hispanic residents.

62.     The City also violated the FHA by engaging in impermissible disparate treatment, or intentional discrimination, based on race and national origin when it adopted the 2014 Rezoning and began enforcing it against Plaintiffs.  Animus towards African-American and Hispanic residents was a significant factor in the City's 2014 Rezoning and its enforcement against Plaintiffs.

63.     Specifically, on information and belief, City officials charged with creating and enforcing the 2014 Rezoning attended closed-door meetings at which they discussed their desire to rid the City of so-called "undesirables" and to implement restrictive covenants in an effort to avoid so-called ghettos areas.  In that context, the term "undesirables" means African-American and Hispanic residents who live in low-income apartment housing.

64.     Plaintiffs are entitled to a declaration from the Court recognizing that the City's adoption and enactment of the 2014 Rezoning constitutes a violation of Plaintiffs' rights and privileges under the FHA.  Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their rights or their tenants' rights under the FHA by enforcing the 2014 Rezoning.

## COUNT 6
## Violation of Substantive Due Process under the Mississippi Constitution

65.     Plaintiffs reallege and incorporate in Count 6 all the allegations set forth and contained in the foregoing paragraphs.

66.     Article 3, § 14 of the Mississippi Constitution prohibits the City from depriving

Plaintiffs of property without due process of law. Specifically, property owners have a

constitutional right to continue a nonconforming use until its natural ending that runs with the

land.

67. Defendant's adoption and enforcement of the 2014 Rezoning, both facially and as

applied to Plaintiffs, was and is arbitrary, capricious, unreasonable, confiscatory, illegal, and

discriminatory, and has no substantial relation to the public health, safety, morals, or general

welfare. The 2014 Rezoning is not rationally related to any legitimate government interest, and

there is no conceivable rational basis for Defendant's adoption of the 2014 Rezoning.

68. The City's adoption and enforcement of the 2014 Rezoning, both facially and as

applied, violate Plaintiffs' substantive due process rights under Article 3, § 14 of the Mississippi

Constitution.

69. As a direct and proximate cause of Ridgeland's adoption and enforcement of the

2014 Rezoning, Plaintiffs have suffered and will continue to suffer significant economic

damages.

70. Plaintiffs are entitled to a declaration from the Court recognizing the foregoing

violation of their right to substantive due process based on the adoption and enforcement of the

2014 Rezoning and for its failure to provide Plaintiffs with a forum to redress these grievances.

Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their

substantive due process rights or otherwise enforcing the 2014 Rezoning.

## COUNT 7
## Taking of Property Without Just Compensation under the Mississippi Constitution

71. Plaintiffs reallege and incorporate in Count 7 all the allegations set forth and

contained in the foregoing paragraphs.

72.     Article 3, § 17 of the Mississippi Constitution prohibits the City from taking or damaging private property for public use, without first providing due compensation to the owner of such property.

73.     The City's adoption and enforcement of the 2014 Rezoning, both facially and as applied to Plaintiffs, is arbitrary, capricious, unreasonable, confiscatory, illegal, and discriminatory, has no substantial relation to the public health, safety, morals, or general welfare and is without sufficient evidentiary basis. The 2014 Rezoning does not bear a reasonable relation to the property's actual or adaptable use, and it imposes unnecessary and unreasonable hardship on Plaintiffs.

74.     The 2014 Rezoning, both facially and as applied to Plaintiffs, including as to the denial of building permits, unreasonably interferes with each Plaintiffs' right to use and enjoy its property in violation of property rights secured by Article 3, § 17 of the Mississippi Constitution.

75.     The 2014 Rezoning and its enforcement will have a significant and oppressive economic impact on Plaintiffs. Further, the 2014 Rezoning has unreasonably interfered with Plaintiffs' distinct investment-backed expectations. In addition, the City acted in bad faith in adopting the 2014 Rezoning and has also singled out Plaintiffs to bear a substantial financial burden.

76.     The adoption and enforcement of the 2014 Rezoning takes and damages private property for public use without compensation in violation of Article 3, § 17 of the Mississippi Constitution.

77.     As a direct and proximate result of the 2014 Rezoning and its application to, and

enforcement against Plaintiffs, Plaintiffs have suffered and will continue to suffer financial injury.

78.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the foregoing violation of its right under Article 3, § 17 of the Mississippi Constitution based on the adoption and enforcement of the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from violating their constitutional rights under the Mississippi Constitution, or otherwise enforcing the 2014 Rezoning.

## COUNT 8
### Failure to Follow Adequate Zoning Procedure

79.     Plaintiffs reallege and incorporate in Count 8 all the allegations set forth and contained in the foregoing paragraphs.

80.     Each of the Plaintiffs has a significant property interest in the use of their apartment complexes as multi-family housing at their historic and current density. Before the City may extinguish that right by reclassifying the zoning status of Plaintiffs' property, the City must find that there was a mistake in the original zoning, or, that the character of the neighborhood has changed to an extent such as to justify the reclassification and that there was a public need for the rezoning.

81.     Neither the 2014 Rezoning nor any other document or record contains a specific finding that one or both of the foregoing criteria are met. Likewise, neither the 2014 Rezoning nor any other document or record contains sufficient evidence that would support a finding that the above criteria are met.

82.     The City's adoption and enforcement of the 2014 Rezoning, both facially and as

applied to Plaintiffs, was and is unreasonable and discriminatory. The 2014 Rezoning and its application to Plaintiffs is not reasonably related to any legitimate state interest or to public health, safety, morals, or general welfare; its adoption was an arbitrary, capricious, and irrational act by the City which illegally denies Plaintiffs of a property right. The 2014 Rezoning and its enforcement further impose unnecessary and unreasonable hardship on Plaintiffs.

83.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing the City's foregoing failure to follow required zoning procedures by first making the necessary findings, supported by sufficient evidence, before reclassifying the zoning status of Plaintiffs' property. Plaintiffs are further entitled to injunctive relief prohibiting the City from enforcing the 2014 Rezoning.

## COUNT 9
## Equitable Estoppel

84.     Plaintiffs reallege and incorporate in Count 9 all the allegations set forth and contained in the foregoing paragraphs.

85.     Each of the Plaintiffs believed and reasonably relied on the zoning ordinance then in effect, and the prior pattern and practice of the City, when Plaintiffs purchased their respective properties and utililized them as collateral to obtain financing.

86.     Based on the foregoing reliance, Plaintiffs invested time and financial resources into conducting the business of leasing apartments and preparing for, and beginning to make, improvements to the property. Plaintiffs have suffered, and will continue to suffer, significant economic damages to their detriment and other prejudice as a result of their reliance.

87.     It would be substantially unfair to allow the City to deny Plaintiffs the opportunity

to use their property as an apartment complex or to make improvements to such apartments.

88.     Each of the Plaintiffs is entitled to a declaration from the Court recognizing that the City is equitably estopped from enforcing the 2014 Rezoning. Plaintiffs are further entitled to injunctive relief prohibiting the City from enforcing the 2014 Rezoning or denying their building permits for renovations discussed with the City.

## REQUESTS FOR RELIEF

WHEREFORE, for all of the reasons set forth in the foregoing paragraphs, Plaintiffs file this Complaint for Declaratory Judgment and Injunctive Relief, and demand trial by jury, and request the following relief:

(i)     Entry of a final declaratory judgment against Defendant City of Ridgeland adjudicating and declaring Ridgeland's 2014 Official Zoning Ordinance and 2014 Zoning Map to be invalid, unlawful, unconstitutional, and void, both facially and as applied, as constituting a violation of the prohibition on taking and damaging property without just compensation, a violation of Plaintiffs' substantive due process rights, a violation of Plaintiffs' procedural due process rights, and a violation of Plaintiffs' right to equal protection, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 3, Sections 14 and 17 of the Mississippi Constitution.

(ii)     Entry of a final declaratory judgment against Defendant City of Ridgeland adjudicating and declaring Ridgeland's 2014 Official Zoning Ordinance and 2014 Zoning Map to be invalid, unlawful, and void, both facially and as applied, as constituting a violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*

(iii)     Entry of a final declaratory judgment against Defendant City of Ridgeland

adjudicating and declaring that (1) Defendant failed to follow the required zoning procedures by failing to make the necessary findings, supported by sufficient evidence, before reclassifying the zoning status of Plaintiffs' property, and (2) that Defendant is equitably estopped from enforcing the 2014 Official Zoning Ordinance and 2014 Zoning Map and denying building permits based on the 2014 Official Zoning Ordinance and 2014 Zoning Map.

(iv)    Entry of an order preliminarily and permanently enjoining and restraining Defendant from implementing, applying, or enforcing in any manner or to any extent the 2014 Official Zoning Ordinance and 2014 Zoning Map and from evaluating applications for building permits pursuant to the same.

(v)    Plaintiffs' reasonable attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988 and 3613(c)(2) for costs and fees incurred in bringing this action to enforce a provision of § 1983 and the Fair Housing Act.

(vi)    Any other legal or equitable relief the Court deems appropriate to compensate Plaintiffs based on the foregoing claims.

Respectfully submitted, this the 8th day of December, 2014.

SUNCHASE OF RIDGELAND, LTD
EVEREST PINEBROOK, L.P.
RAINBOW/RIDGELAND, LLC

By: _____
Michael V. Cory, Jr. (MSB #9868)

JORDAN RIDGE, LLC
RR APARTMENTS, LLC

By: _Lawrence M. Coco_

     Lawrence M. Coco, III (MSB #100378)


OAKBROOK, LLC

By: _____

     R. Keith Foreman (MSB # 5421)


**OF COUNSEL:**

Michael V. Cory, Jr. (MSB #9868)
mc@dmc-law.net
Dale Danks, Jr., (MSB# 5789)
ddanks@dmc-law.net
213 South Lamar Street
Jackson, Mississippi (39201)
Post Office Box 1759
Jackson, Mississippi 39215-1759
Telephone: 601.957.3101
Facsimile: 601.957.3160

R. Patrick McCraney
Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, MS 39157
Telephone:  601.899.0065
Facsimile:  866.733.2008
Email: patrick@mclpllc.com
      lawrence@mclpllc.com

R. Keith Foreman
Edward E. Lawler, Jr.
McKay Lawler Franklin & Foreman, PLLC
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Telephone: 601.572.8778
Facsimile: 601.572.8440
Email: kforeman@mckaylawler.com
        elawler@mckaylawler.com