UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SUNCHASE OF RIDGELAND, LTD,
EVEREST PINEBROOK, L.P.,
RR APARTMENTS, LLC, JORDON-RIDGE, LLC
And OAKBROOK, LLC                                                                    **PLAINTIFFS**

V.                                                       CIVIL ACTION NO.: 3:14-cv-0938-HTW-LRA

CITY OF RIDGELAND, MISSISSIPPI                                                       **DEFENDANT**

**MEMORANDUM BRIEF IN SUPPORT OF
CITY OF RIDGELAND'S MOTION TO STAY**

### I.   INTRODUCTION

Defendant City of Ridgeland, Mississippi ("Ridgeland" or "the City") respectfully moves the Court to enter a stay of these proceedings, including a stay of discovery, and to postpone scheduling deadlines/hearings. Ridgeland has two jurisdictional motions to dismiss pending before the Court based on grounds of mootness, ripeness, standing, and failure to file a bill of exceptions and exhaust administrative remedies. [*See* Dkt. #160-61; #162-63]. Given the fact that Ridgeland is contesting the Court's subject matter jurisdiction over all of the Plaintiffs' causes of action, it makes sense to stay discovery and scheduling matters until a decision is reached on Ridgeland's motions. Conducting discovery or engaging in litigation over moot and unripe claims over which the Court lacks jurisdiction causes the City to needlessly incur costs and expenses. This is especially true since the merits of the City's position on mootness has been recognized by HUD, six plaintiffs who filed suits arising out of the 2014 Ordinance, and the Mississippi Supreme Court. Moreover, the Court has not ruled on Plaintiffs' motion to file a second amended complaint, which includes new allegations and claims. Finally, there is no prejudice to Plaintiffs if discovery is stayed a few more weeks while the Court rules on the

jurisdictional and dispositive motions.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On December 8, 2014, Plaintiffs filed their initial complaint for declaratory and injunctive relief. [Dkt. #1]. They filed an amended complaint (hereinafter the "Complaint") on April 13, 2015. [Dkt. #21]. The underlying relief sought in the Complaint is a declaration and injunction prohibiting the rezoning and amortization of Plaintiffs' apartment complexes under the comprehensive zoning ordinance and map adopted by Ridgeland on February 4, 2014 ("the 2014 Ordinance").

On May 12, 2015, the Court granted Ridgeland's motion to consolidate this case with *BBC Baymeadows, LLC v. City of Ridgeland, Mississippi*, Civil Action No. 3:14-cv-00676-HTW-LRA ("*Baymeadows*"), for purposes of discovery and pretrial proceedings. [Dkt. #13, motion; Dkt. #66, Order (*Baymeadows*)]. The parties have since conducted substantial discovery.

The Plaintiffs filed a motion for injunctive and declaratory relief on January 4, 2016. [Dkt. # 43, #44]. The motion has been fully briefed by the parties. [*See* Dkt. #71-72; Dkt. #101].

On September 9, 2016, Ridgeland and the Department of Housing and Urban Development ("HUD") voluntarily entered into a Conciliation Agreement in settlement of a HUD-initiated complaint filed against Ridgeland on December 2, 2015. As part of the Conciliation Agreement, Ridgeland proposed an amendment to the 2014 Ordinance under which non-conforming multi-family residences in Ridgeland, including the Plaintiffs' properties, would be granted Categorical Class A Nonconforming status, meaning the apartment complexes would no longer be subject to amortization.

On October 18, 2016, the Mayor and Board of Aldermen for Ridgeland conducted a hearing regarding the proposed amendments to the 2014 Ordinance, and, after a full hearing, the Board unanimously approved the adoption of the Ordinance (hereinafter referred to as "the 2016 Ordinance"). Under the 2016 Ordinance, Plaintiffs' apartment complexes became Categorical Class A Nonconformities. The complexes are no longer subject to amortization under the 2014 Ordinance, and their nonconformities are grandfathered as they were prior to 2014, notwithstanding the fact that the properties remain zoned in MU-1 and C-2 districts.

The aforementioned amendment to the 2014 Ordinance not only satisfied HUD's concerns, it satisfied the owner of Baymeadows, as well as the owners of the Northbrook, Van Mark and Gable apartment complexes. The changes made in the 2016 Ordinance also satisfied the plaintiffs in the *Fuller* lawsuit who were residents of Oakbrook and Baymeadows, as well as the bondholder of the Northbrook apartments, who was the plaintiff in *CAP IV*. See *Tiaquonta Fuller, et al v. City of Ridgeland,* Civ. Action No. 3:16-cv-111-HTW-LRA (Dkt. #32, Final Judgment, Mar. 9, 2017); *CAP IV Ridgeland, LLC v. City of Ridgeland*, Civ. Action No. 3:14-cv-801-HTW-LRA (Dkt. #133, Judgment of Dismissal, July 20, 2017).

The plaintiff in *Baymeadows*, content that the 2016 Ordinance treats its complex as it was treated prior to the adoption of the 2014 Ordinance, settled its claims against Ridgeland on or about November 28, 2016, and a judgment was entered dismissing the suit on December 13, 2016. [Dkt. #276 (*Baymeadows*)]. Rainbow/Ridgeland, LLC, the owner of Northbrook I and III previously named as a plaintiff in this suit, also dismissed with prejudice its claims against Ridgeland on July 12, 2017, advising the Court that "there remain no issues to be adjudicated or determined by the Court." [Dkt. #189]. The owner of the Gables complex settled its claims on or about January 17, 2017, and an Order was entered by the Mississippi Supreme Court

dismissing the appeal on January 24, 2017. *See The Madison Apartments, LLC v. City of Ridgeland, et al*, No. 2016-CA-01140-SCT (Dkt. #21). Likewise, the owner of the Van Mark apartments settled its claims on or about May 26, 2017, and an En Banc Order was entered by the Mississippi Supreme Court dismissing the appeal on June 15, 2017. *See Jackson Residential Associates One, LLC d/b/a Van Mark Apartments v. City of Ridgeland*, No. 2016-CA-00079-SCT (Dkt. #65).

On August 3, 2017, the Mississippi Supreme Court ruled that the 2016 Ordinance mooted claims made by the owner of the Lakeshore and Pear Orchard apartment complexes and entered En Banc Orders dismissing the appeals as moot. *See* Ex. A (Orders issued in *Mid-America Apts., L.P. v. City of Ridgeland*, No. 2016-CA-01133 and *Mid-America Apts., L.P. v. City of Ridgeland*, No. 2016-CA-01120).

On December 9, 2016, Ridgeland filed a Rule 12(b)(1) motion to dismiss on grounds of mootness, based on the adoption of the 2016 Ordinance, amending the 2014 Ordinance. [Dkt. #160-61]. On that same date, Ridgeland filed another motion to dismiss under both Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure on the basis that even if the Court should determine that one or more of the Plaintiffs' claims are not moot, they are otherwise subject to dismissal for other reasons, such as the Plaintiffs' failure to file a bill of exceptions and/or exhaust administrative remedies, and lack of standing and ripeness. [Dkt. #162-63]. As further explained in the City's Rule 12(b)(1) motions, these defects deprive the Court of subject matter jurisdiction over the pending claims. Both motions to dismiss have been fully briefed by the parties. [*See* Dkt. #160-61, #168, #175; Dkt. #162-63, #169-70, #174].

The Plaintiffs filed a motion for leave to file a "Supplemental Complaint for Declaratory Judgment, Injunctive Relief and Damages" on December 12, 2016. [Dkt. #164]. Ridgeland filed

an opposition to the motion on January 31, 2017. [Dkt. #172-73].

A related case, *Mid-America Apartments, L.P. v. City of Ridgeland, Mississippi*, Civil Action No. 3:15-cv-00802-HTW-LRA ("*Mid-America*"), was recently transferred to this Court on June 6, 2017, under the first-to-file rule. [Dkt. #38]. On April 24, 2017, prior to transfer, Ridgeland filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction based on the same grounds as this case. [Dkt. #28-29]. Judge Gargiulo entered a Text Order the next day, on April 25, 2017, staying proceedings, pursuant to Local Rule 16(b)(3)(B), pending a ruling on Ridgeland's 12(b)(1) motion to dismiss, which has also been fully briefed by the parties. [*See* Dkt. #31-32, #34 (*Mid-America*)].

### III.   DISCUSSION

Plaintiffs' claims are premised on a challenge to Ridgeland's adoption and enforcement of the 2014 Ordinance which, among other things, changed the zoning status of Plaintiffs' properties and subjected the complexes to amortization. The Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of jurisdiction for multiple reasons. First, the claims are moot as the result of Ridgeland's adoption of the 2016 Ordinance, amending the 2014 Ordinance, and Ridgeland has requested dismissal on that basis in a separate motion to dismiss. [*See* Dkt. #160, #161]. Mootness is a jurisdictional issue "because federal courts are not empowered to decide moot questions or abstract propositions." *Locke v. Bd. of Pub. Instruction of Palm Beach Cnty.*, 499 F.2d 359, 364 (5th Cir. 1974). The federal courts' inability to review moot cases stems from the requirement of Article III of the Constitution. *Locke*, 499 F.2d at 364. Under Article III of the U.S. Constitution, the jurisdiction of federal courts is limited to "Cases" and "Controversies." U.S. Const. art. III, § 2.

Even if the Court should determine, however, that one or more of Plaintiffs' claims are

not moot, they are subject to dismissal for the reasons set forth in Ridgeland's Rule 12(b)(1) and Rule 12(b)(6) motion to dismiss based on lack of jurisdiction and failure to state a claim. [*See* Dkt. #162, #163]. "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Griffin v. HSBC Mortg. Servs., Inc.*, 2015 WL 4041657, at *3 n.8 (N.D. Miss. July 1, 2015) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). In addition to mootness, the Court also lacks subject matter jurisdiction due to lack of ripeness, standing and the Plaintiffs' failure to utilize the mandatory procedures set forth in Miss. Code Ann. §11-51-75 for appealing a municipality's decision and their failure to exhaust administrative remedies. [*See* Dkt. #162, #163].

According to Local Uniform Civil Rule 16(b)(3)(B) of the United States District Court for the Northern and Southern District of Mississippi, the filing of a motion asserting a "jurisdictional defense stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion, including any appeal." L.U.Civ.R. 16(b)(3)(B). The decision [w]hether to permit discovery on issues related to the motion and whether to permit any portion of the case to proceed pending resolution of the motion" are within the discretion of the Court, upon a motion filed by any party seeking relief from the stay. *Id.*

The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). U.S. District Courts in Mississippi have held that the exercise of this discretion is appropriate to prevent duplication and waste and promote judicial economy. *Hood ex rel. Mississippi v. Bristol-Myers Squibb Co.*, 2013 WL 30098, at *1-2 (N.D. Miss. Jan. 2, 2013) (granting motion to stay case pending decision of whether matter would be

transferred to MDL in recognition that stay "would promote uniformity of decisions and avoid unnecessary duplication of efforts"); *Stanley Smith Drywall, Inc. v. Munlake Contractors, Inc.*, 906 F. Supp. 2d 588, 595 (S.D. Miss. 2011) (holding that stay appropriate pending outcome of related matter in different venue where proceeding may result in duplicative litigation, abuse of process and waste of judicial resources); *Am. Federated Gen. Agency, Inc. v. City of Ridgeland, Mississippi*, 72 F. Supp. 2d 695, 701 (S.D. Miss. 1999) (reflecting stay of case with similar claims pled while aggrieved party sought relief through state procedures).

The proceedings in this case should be stayed for the purpose of allowing the Court to decide Ridgeland's Rule 12(b)(1) motions [Dkt. #160-61, #162-63] and determine whether it has subject matter jurisdiction to preside over the proceedings in this case. A stay would promote judicial economy, and the Plaintiffs will not suffer prejudice from a stay limited in duration only until the Court decides whether it has subject matter jurisdiction of Plaintiffs' claims.

Substantial discovery remains in this case, such as depositions of expert witnesses, Plaintiffs' 30(b)(6) witnesses, and fact witnesses who are learned through those depositions. The depositions will require travel to multiple cities and result in unnecessary and significant expense to Ridgeland for preparation, attendance and travel time, all of which will be avoided in the event the Court grants Ridgeland's Rule 12(b)(1) motions, in full or in part. Just as an example, the Plaintiffs' FHA claim is clearly mooted by virtue of the City's adoption of the 2016 Ordinance, which eliminated amortization of apartment complexes. Yet Plaintiffs want to take the deposition of Ridgeland's disparate impact expert, who was hired for the specific purpose of defending the FHA claim. In the event the Court agrees that the FHA claim is moot, the costly deposition will be a moot point as well.

Additional discovery would not be useful to the resolution of Ridgeland's pending

motions to dismiss, which present questions of law. As recognized by the Fifth Circuit, "it would be wasteful to allow discovery on all issues raised in a broad complaint when, for example, the case will not reach a determination on those merits." *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010) (stay of discovery pending ruling on summary judgment motion was not an abuse discretion).

The stay of discovery will not prejudice the Plaintiffs. In fact, the Plaintiffs have acknowledged that the jurisdictional issues should be resolved prior to proceeding with discovery issues in this case. In a status report from Plaintiffs' counsel to Judge Wingate on November 30, 2016, reporting on Plaintiffs' outstanding motions, counsel specifically requested the Court to hold discovery motions in abeyance until the Court determines Ridgeland's motion to dismiss for mootness and the Plaintiffs' motion for injunctive and declaratory relief. [Dkt. #158]. Ridgeland agrees that its motions to dismiss must be decided prior to any other pending motions. If the Court does not have subject matter jurisdiction over the original claims, the Court has no jurisdiction to consider other outstanding motions, such as the Plaintiffs' motion for declaratory and injunctive relief and their motion for leave to supplement the Complaint.

Ridgeland respectfully requests the Court to issue an order staying all proceedings in this case, including discovery, and postpone scheduling to save resources for the parties and the Court. Considerations of comity and orderly administration of justice dictate that the question of subject matter jurisdiction should first be addressed and determined in order to avoid waste and unnecessary litigation and to promote uniformity of decisions.

### IV. CONCLUSION

For the reasons expressed herein, Ridgeland respectfully requests the Court to stay the proceedings in this case and postpone setting deadlines/hearings until the Court decides

Ridgeland's Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction [Dkt. #160-61; #162-63]. The requested relief is likely to prevent duplication, substantial expense to the parties and waste of judicial resources.

This the 16th day of August, 2017.

                              Respectfully submitted,

                              **CITY OF RIDGELAND, MISSISSIPPI**

                  By:   *Lana E. Gillon*
                          Kelly D. Simpkins (MSB # 9028)
                          Lana E. Gillon (MSB #9548)
                          Kevin A. Rogers (MSB #101230)

**OF COUNSEL:**

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, Mississippi 39157
Post Office Box 131
Jackson, Mississippi 39205-0131
Telephone:    601 605-6900
Facsimile:     601 605-6901
ksimpkins@wellsmar.com
lgillon@wellsmar.com
krogers@wellsmar.com

Jerry L. Mills, Esq.
Pyle Mills Dye & Pittman
800 Avery Boulevard N., Suite 101
Ridgeland, Mississippi 39157
jmills@pdmd.biz

## CERTIFICATE OF SERVICE

I, Lana E. Gillon, certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Michael V. Cory, Jr., Esq.
Dale Danks, Jr., Esq.
Post Office Box 1759
Jackson, Mississippi 39215-1759

**ATTORNEYS FOR SUNCHASE OF RIDGELAND, LTD, AND EVEREST PINEBROOK, L.P.**

R. Patrick McCraney, Esq.
Lawrence M. Coco, III, Esq.
McCraney, Coco & Lee, PLLC
800 Woodlands Parkway, Suite 107
Ridgeland, Mississippi 39157

**ATTORNEYS FOR JORDAN RIDGE, LLC AND RR APARTMENTS, LLC**

R. Keith Foreman, Esq.
Edward E. Lawler, Jr., Esq.
McKay Lawler Franklin & Foreman, PLLC
368 Highland Colony Parkway
Ridgeland, Mississippi 39157

**ATTORNEYS FOR OAKBROOK, LLC**

This, the 16th day of August, 2017.

            *Lana E. Gillon*
            Lana E. Gillon (MSB #9548)

/#260524