IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SUNCHASE OF RIDGELAND, LTD,** *et al*                                    **PLAINTIFFS**

**vs.**                                          **CIVIL ACTION NO.: 3:14-CV-938-HTW-LRA**

**CITY OF RIDGELAND, MISSISSIPPI**                                         **DEFENDANT**

## ORDER

BEFORE THIS COURT are five (5) outstanding motions: Motion to Dismiss Case as Moot **[Docket no. 160]**; Motion to Dismiss Rule 12(b)(6) and 12(b)(1) **[Docket no. 162]**; Motion for Leave to File Supplemental Brief in Opposition to Plaintiffs' Motion for Leave to File Supplemental Complaint **[Docket no. 183]**; Motion Supplement re [160] Motion to Dismiss Case as Moot **[Docket no. 190]**; and Motion to Stay Proceedings **[Docket no. 191]**.

The motions remaining before the court are all interrelated with the exception of the defendant's Motion for Leave to File Supplemental Brief in Opposition to Plaintiffs' Motion for Leave to File Supplemental Complaint **[Docket no. 183]**. The court already denied the plaintiffs' Motion for Leave to File a Supplemental Complaint on September 29, 2017. [Docket no. 196]. This court, therefore, finds that the defendant's Motion for Leave to File Supplemental Brief in Opposition to Plaintiffs' Motion for Leave to File Supplemental Complaint **[Docket no. 183]** is hereby **MOOT** and **DENIED** as such.

This court is also persuaded that the defendant's Motion to Stay Proceedings **[Docket no. 191]** is well-taken and hereby **GRANTED**.

This court has held three (3) hearings in this matter on the defendant's Motions to Dismiss **[Docket nos. 160 and 162]**. During those hearings, the parties have argued what claims are actually before the court. The motions to dismiss for mootness address the claims defendants say

1

have actually been raised in the pleadings. Attached to this inquiry is the court's preliminary assessment of the actual claims submitted in the pleadings, not claims subsequently argued. Please review the attached submission and notify this court by 12:00 p.m. on Monday, October 16, 2017, whether any party is of the opinion that additional claims are included in the pleadings.

IT IS, THEREFORE, ORDERED that the defendant's Motion for Leave to File Supplemental Brief in Opposition to Plaintiffs' Motion for Leave to File Supplemental Complaint **[Docket no. 183]** is hereby **MOOT** and **DENIED** as such.

IT IS FURTHER ORDERED that the defendant's Motion to Stay Proceedings **[Docket no. 191]** is well-taken and hereby **GRANTED**.

IT IS FURTHER ORDERED that the parties are to review "Attachment A" to this order and notify this court by 12:00 p.m. on Monday, October 16, 2017, whether any party is of the opinion that additional claims are included in the pleadings.

IT IS FINALLY ORDERED that the telephonic conference set for Wednesday, October 11, 2017 at 3:30 p.m. is hereby cancelled.

**SO ORDERED this the 11th day of October, 2017.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**

**ATTACHMENT A**

- Plaintiffs' Amended Complaint [Docket no. 21]
  - Factual Allegations of the Amended Complaint
    - The plaintiffs are apartment complex owners located in the City of Ridgeland, Mississippi.
    - February 4, 2014, Ridgeland adopted a new zoning ordinance and zoning map which, among other changes, switched Sunchase, Pinebrook, Northbrook, Park Place, and Oakbrook from R-5 (multi-family residential) to MU-1 (Mixed Use District). The 2014 Ordinance also changed Ridgeland Ranch from R-5 to C-2 (Commercial).
    - The apartment complexes were zoned from the time of construction until the passage of the 2014 Ordinance as R-5. The plaintiffs reasonably relied on the continuance of their classification as R-5 zoning.
    - The 2014 Ordinance specifically targeted the plaintiffs' individual apartments with the aim of "discontinu[ing] or remov[ing the] Nonconformities within specified time periods…"
    - The 2014 Ordinance: set out newly discovered authority to force the closure of the plaintiffs' apartment complexes; establish three (3) illegal and arbitrary classes of nonconformities; shifted the burden of proof to the plaintiffs that they have a right to continue to operate as apartment complexes as they are currently constructed; imposed a filing fee and submit a petition to reobtain rights that run with the land; implement a subjective and vague scheme that encourages discriminatory and arbitrary

enforcement; limits the amount of funds that the plaintiffs can use to implement repairs, renovations, and improvements; and established schedules that require the discontinuance of nonconformities.

- The 2014 Ordinance was the culmination of a multi-year effort by Ridgeland to force the plaintiffs' apartment complexes out of business.
- Ridgeland targeted the plaintiffs' apartment complexes without actual notice and an opportunity to be heard before rezoning.
- The plaintiffs have suffered economic damage to their properties as a result of the 2014 Ordinance: the plaintiffs' ability to refinance and/or sell their properties has been adversely impacted.
- The plaintiffs' properties as currently constructed cannot be converted to a use compatible with their respective zoning classification.
- The 2014 Ordinance improperly re-classified the plaintiffs' properties as nonconforming uses because they fail to conform to the ten (10) unit per acre restriction. The ten (10) unit per acre restriction has no legitimate basis and is specifically designed to destroy the viability of the plaintiffs' apartment complexes.
- Ridgeland never enforced the ten (10) unit per acre restriction before the passage of the 2014 Ordinance.
- The plaintiffs' properties serve as affordable long and short term housing for minorities.

- - - Ridgeland was motivated in whole or in part based on a discriminatory animus toward affordable housing and/or residents who use affordable housing options, which will have a disparate impact on minority residents.
  - Count 1 – Substantive Due Process Claim Under the United States Constitution
  - Count 2 – Procedural Due Process Claim Under the United States Constitution
    - Ridgeland adopted the 2014 Ordinance without affording the plaintiffs actual notice of the proposed zoning changes. The city was required to provide actual notice to the plaintiffs because their properties were "specially affected."
  - Count 3 – Violation of the Equal Protection Clause Under the United States Constitution
    - The 2014 Ordinance treats single-family dwellings differently than multi-family residences because the multi-family residences are predominantly minority occupied.
  - Count 4 – Taking of Property Without Just Compensation Under the United States Constitution
    - The 2014 Ordinance unreasonably interferes with the plaintiffs' investment-backed expectations.
  - Count 5 – Violation of the Fair Housing Act
    - Plaintiffs have standing under the FHA and qualify as "aggrieved persons".
    - The FHA prohibits discrimination based on a list of enumerated protected classes.

- Ridgeland's policies, leading up to and following the enactment of the 2014 Ordinance have a disparate impact on minority populations and creates or increases segregated housing patterns based on race and/or national origin.
- The residents of the plaintiffs' apartment complexes are primarily African-American or Hispanic.
- Ridgeland officials attended closed-door meetings to discuss their desire to rid the city of "undesirables".

o Count 6 – Violation of Substantive Due Process Under the Mississippi Constitution.

o Count 7 – Taking of Property Without Just Compensation Under the Mississippi Constitution

- Same allegations as under the U. S. Constitution with the exception that the plaintiffs cite Article 3, § 17 of the Mississippi Constitution

o Count 8 – Failure to Follow Adequate Zoning Procedure

- The plaintiffs have a significant interest in the use of their apartment complexes as multi-family housing based on their historical and current densities.
- Ridgeland must make a finding either: that there was a mistake in the original zoning; or that the character of the neighborhood has changed justifying the rezoning.

o Count 9 – Equitable Estoppel

- The plaintiffs reasonably relied upon the zoning ordinances in effect and the prior pattern and practice of the city.

- It would be substantially unfair to the plaintiffs to not allow them to make improvements to their apartments or to allow Ridgeland to force them to discontinue operations as apartment complexes.
- Count 10 – Violation of Procedural Due Process Under Mississippi Law
    - Same as for the U. S. Constitution
- Request for Relief
    - Entry of a Declaratory Judgment against Ridgeland that the 2014 Zoning Ordinance and Map are invalid, unlawful, unconstitutional and void.
    - Entry of a Declaratory Judgement against Ridgeland that the 2014 Zoning Ordinance and Map violate the Fair Housing Act.
    - Entry of a Declaratory Judgement against Ridgeland that the city failed to follow required zoning procedures before reclassifying the zoning status of the plaintiffs and that the city is equitably estopped from: enforcing the 2014 Ordinance and Map; and denying building permits based on the 2014 Ordinance and Map.
    - Entry of a preliminary and permanent injunction against Ridgeland preventing it from implementing, applying, or enforcing the 2014 Ordinance and Map.
    - Reasonable attorneys' fees and expenses.
    - Any other legal or equitable relief.

The above summary is how this court has characterized the plaintiffs' amended complaint in its Opinion and thereafter addressed seriatim the matters alleged. Still, my notes seem to suggest that plaintiffs may have urged some additional matters. Hence, to be certain that this court is

thoroughly aware of all juridical approaches, this court has sought this confirmation. Please respond within five (5) days and the court will inform the parties of its decisions within ten (10) days thereafter.

**SO ORDERED this the 11th day of October, 2017.**

                                           **s/ HENRY T. WINGATE**
                                           **UNITED STATES DISTRICT COURT JUDGE**