IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**SUNCHASE OF RIDGELAND, LTD,**  **PLAINTIFFS**
**EVEREST PINEBROOK, L.P.,**
**RR APARTMENTS, LLC,**
**JORDON RIDGE, LLC and**
**OAKBROOK, LLC**

V.   NO.: 3:14-cv-0938-HTW-LRA

**CITY OF RIDGELAND, MISSISSIPPI**  **DEFENDANT**

**PLAINTIFFS' RESPONSE TO REQUEST FOR**
**CONFIRMATION OF CLAIMS**

COME NOW, Plaintiffs, by and through their respective counsel of record, and file this Response to the Court's Order [Dkt. 198] as follows:

1. On October 11, 2017, this Court entered an Order which, among other things, preliminarily assessed the actual claims submitted in the Plaintiffs' Amended Complaint [Dkt. 21] and requested that the parties advise the Court as to whether any of them were of the opinion that additional claims are included in the Amended Complaint.

2. The Court identified certain counts and claims asserted by Plaintiffs in their Amended Complaint pursuant to Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiffs are of the opinion that the Court did not adequately assess the factual content of Count 10. The Court states that Count 10 is the "[s]ame as for the U.S. Constitution". The Court's assessment fails to capture the factual allegations stated in paragraphs 90 and 91 of Count 10 that "the City's notice provided no information or advance notice to Plaintiffs of the *substance of the proposed rezoning*" and that "[a]s a matter of fundamental fairness, the City should have provided actual notice and *substantive information about the proposed rezoning* to each

Plaintiff prior to the rezoning. (emphasis supplied)  In other words, Count 10 also focuses on the lack of substantive information in the City's December 26, 2013, notice.

3. Also, under the Court's assessment of the Plaintiffs' request for relief, the Court's last bullet point on page 8 should simply state that Plaintiffs seek "[a]ny other legal or equitable relief the Court deems appropriate *to compensate* Plaintiffs based on the foregoing claims." (emphasis supplied)

4. Plaintiffs are uncertain as to what "additional matters" the Court may be referring to at the bottom of page 8 of its Order. However, should the Court need further information on the additional matters, Plaintiffs request that they be afforded the opportunity to supply the Court with such information.

WHEREFORE, Plaintiffs Sunchase of Ridgeland, LTD, Everest Pinebrook, L.P., Rainbow/Ridgeland, LLC, RR Apartments, LLC, Jordan Ridge, LLC, and Oakbrook, LLC respectfully request that the Court deny the City's Motion to Dismiss Case as Moot [Dkt. 160] and Motion to Dismiss Rule 12(b)(1) and 12(b)(6) [Dkt. 162].

Respectfully, this the 16th day of October, 2017.

*/s/ Lawrence M. Coco, III*
Lawrence M. Coco, III (MBN 100378)
Counsel for RR Apartments, LLC and Jordan Ridge, LLC

*/s/ Michael V. Cory*
Michael V. Cory (MBN 9861)
Counsel for Sunchase of Ridgeland, Ltd. and Everest Pinebrook, L.P.

*/s/ R. Keith Foreman*
R. Keith Foreman (MBN 5421)
Counsel for Oakbrook, LLC

**OF COUNSEL:**

Lawrence M. Coco, III
McCraney, Coco & Lee, PLLC
219 Waterford Square, Suite 1
Madison, MS 39110
Telephone:  601.899.0065
Facsimile:  866.733.2008
Email:  lawrence@mclpllc.com

Michael V. Cory, Jr.
Ken Miller
213 South Lamar Street
Jackson, Mississippi 39201
P.O. Box 1759
Jackson, Mississippi 39215
Telephone: 601.957.3101
Facsimile: 601.957.3160
Email: mc@dmc-law.net

R. Keith Foreman
Edward E. Lawler, Jr.
McKay Lawler Franklin & Foreman, PLLC
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Telephone: 601.572.8778
Facsimile: 601.572.8440
Email: kforeman@mckaylawler.com
        elawler@mckaylawler.com

## **CERTIFICATE OF SERVICE**

I, R. Keith Foreman, attorney for Oakbrook, LLC, do hereby certify that I have this date electronically filed the above and foregoing document using the ECF system, which sent notification of such filing to all counsel of record.

SO NOTICED this the 16th day of October, 2017.

/s/ R. Keith Foreman
R. Keith Foreman