# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**OAKBROOK, LLC**                                                                                     **PLAINTIFF**

**vs.**                                              **CIVIL ACTION No.: 3:14-CV-938-HTW-LRA**

**CITY OF RIDGELAND,**
**MISSISSIPPI**                                                                                **DEFENDANT**

## ORDER STAYING CASE PENDING STATE COURT APPEAL

BEFORE THIS COURT is the Notice of Supplemental Authority filed by the City of Ridgeland, Mississippi (hereinafter referred to as "the City"). [Docket no. 207]. By its notice, the City informs this court that the parties had engaged in litigation in the Circuit Court of Madison County, Mississippi (hereinafter referred to as "State Court"). The subject of said litigation encompassed many of the same issues that the parties are litigating in this federal forum – namely a challenge to the validity of the 2016 Zoning Ordinance Amendments which is at controversy here. The State Court upheld the statute in favor of the City, and plaintiff appealed to the Mississippi Supreme Court.

Recognizing that the appeal currently before the Mississippi Supreme Court encompasses many of the same issues in the lawsuit *sub judice* and, thus *res judicata* and/or issue preclusion, this court ordered the parties to inform this court why it should not enter a stay of this matter pending the Mississippi Supreme Court's decision. *See* [Text Only Order 3/25/2019][1].

---

[1] ORDER re (207 in 3:14-cv-00938-HTW-LRA) Notice (Other) filed by City of Ridgeland, Mississippi, (49 in 3:15-cv-00802-HTW-LRA) Notice (Other) filed by City of Ridgeland, Mississippi

TEXT ONLY ORDER. This court hereby cancels the telephonic status conference that it had previously set on March 25, 2019, at 4:00 p.m.. The City of Ridgeland has submitted supplemental authority which appears to this court to suggest a stay of this matter should be entered, pending the outcome of the ruling of the Mississippi Supreme Court. The parties have obtained an answer from the Madison County, Mississippi, Circuit Court of several questions which impact this courts ruling on various matters in this lawsuit. After such ruling by the State Court, the parties appealed that decision. Recognizing that such ruling may have a res judicata or collateral estoppel effect on this lawsuit, this court finds that a stay is appropriate pending a ruling from the Mississippi Supreme Court and desires to know if the

1

The parties have since filed their responses. Plaintiff Oakbrook, LLC, opposes such a stay, saying that this lawsuit *sub judice* is broader in scope than the lawsuit before the State Court and, now, before the Mississippi Supreme Court. According to Oakbrook, the State Court lawsuit encompasses only the amortization provision of the 2014 Zoning Ordinance but not the "use and density" terms of the Conciliation Agreement. Morever, says Oakbrook, the issues before the Mississippi Supreme Court will not provide preclusive effect in this lawsuit because they do not arise from the "same nucleus of operative fact." *Citing In re Baudoin*, 981 F.2d 736, 743 (5th Cir. 1993).

The City has also responded that they believe a stay in this lawsuit is appropriate, saying that the State Court ruled on several points of law which are outstanding in this lawsuit: that the amortization provision of the 2014 Zoning Ordinance no longer applies to the plaintiffs; and that the 50% rule remained the same as it did under the 2001 Zoning Ordinance. Thus, says the City, the Mississippi Supreme Court's ruling will provide *res judicata* or collateral estoppel effect to the issues in this lawsuit.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 166, 81 L. Ed. 153 (1936). "Proper use of this authority 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (Quoting *Landis* at 254–55).

---

parties agree. In lieu of the status conference, this court orders that the parties submit a response no later than 5:00 p.m. on March 25, 2019. NO FURTHER WRITTEN ORDER SHALL FOLLOW.
Signed by District Judge Henry T. Wingate on 3/24/2019 (ab) (Entered: 03/24/2019)

This court has reviewed the Order to Affirm the October 18, 2016, Amendments to the Official Zoning Ordinance of the City of Ridgeland. [Docket no. 207-1]. This court finds that the State Court addressed and ruled on the majority of the issues present in this lawsuit – if not tangentially all issues.

The State Court, in addition to the rulings cited by the City above, also ruled that the 10% Rule does not apply to Oakbrook. The amortization provision of the 2014 Amendment is a major point of contention for Oakbrook along with the application of the 50% Rule. The State Court has now ruled that both provisions are no longer applicable to Oakbrook.

This court also finds Oakbrook's argument that the Mississippi Supreme Court's decision will not have a preclusive effect on this lawsuit is not yet ripe. The United States Fifth Circuit Court of Appeals jurisprudence on this point is clear:

> "Claim preclusion, or res judicata, bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." The test for res judicata has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.

*Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004) (Quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999). The Fifth Circuit has adopted the transactional test of the Restatement (Second of Judgments), § 24[2]. The parties have not briefed this point of law as it would be applied in the lawsuit *sub judice* and the Mississippi Supreme Court has not issued its

---

[2] •(1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.

•(2) What factual grouping constitutes a "transaction", and what groupings constitute a "series", are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24 (1982)

ruling. Therefore, this court finds that this contention by Oakbrook – that *res judicata* does not apply – is not yet ripe.

Accordingly, this court agrees with the City and finds that a stay of this lawsuit is appropriate.

**IT IS, THEREFORE, ORDERED that this lawsuit is hereby STAYED pending the outcome of the Mississippi Supreme Court's decision in the appeal of the Madison County, Mississippi, Circuit Court lawsuit.**

**SO ORDERED this the 26th day of March, 2019.**

**s/ HENRY T. WINGATE**
**UNITED STATES DISTRICT COURT JUDGE**